UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| Gregory Pitt, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: _____ |
| Premiere Credit of North America LLC; DOES 1-5, inclusive | : |
| Defendants. | : |

## CLASS ACTION COMPLAINT

Plaintiff Gregory Pitt, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff, Gregory Pitt, by and through his undersigned counsel, seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., and New York General Business Law § 349, by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. This action arises primarily out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") against the Plaintiff and class members. Pursuant to 15 U.S.C. §1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

1

3.  Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

4.  Pursuant to 28 U.S.C. §1391(b), venue is proper in this District, as Plaintiff resides in this District and a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

5.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6.  The Plaintiff, Gregory Pitt ("Plaintiff"), is an adult individual residing in New York, New York, and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

7.  Defendant, Premiere Credit of North America LLC ("Premiere"), operates in the State of New York with a principal executive office at 2002 Wellesley Boulevard Suite 100, Indianapolis, IN 46219.

8.  Premiere is operating as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

9.  DOES 1-5 are individuals employed by Premier whose identities are currently unknown to the Plaintiff. One or more of DOES 1-5 may be joined as parties once their identities are disclosed through discovery.

10. Based on a review by the Plaintiff's counsel, the New York State Department of Corporations' Business Entity Database does not contain an entry for an entity named "Premier Credit of North America LLC."

11. Premier is not licensed or authorized to do business in the State of New York.

12. Premier does not have a debt collector license, as required by New York City Admin. Code §20-490.

13. At all times, Premiere acted by and through one or more of DOES 1-5.

14. Causes of action alleged in this Complaint for Count I and Count II, *infra*, are brought on behalf of the Plaintiff and the members of similarly situated classes.

15. The Plaintiff proposes classes to be defined as follows:

    a. **Class A: All consumers who reside in the State of New York that Defendants 1) contacted within the last year in an attempt to collect a debt, and 2) failed to notify said consumers of their rights in writing five days after initial contact as required by the FDCPA.**

    b. **Class B: All consumers who reside in the State of New York that were contacted by the Defendants while Defendants were not licensed or authorized to conduct business in the State of New York, and all consumers who reside in the City of New York that were contacted by Defendants while Defendants did not have a debt collector license as required by New York City Admin. Code §20-490.**

16. Pursuant to Federal Rule of Civil Procedure 23, a class is appropriate and preferable in this case because:

    a. Based on the fact that routine telephone calls, written collection statements, and general correspondence from the Defendants who were not authorized to do business or collect debts are at the heart of this

litigation, the class is so numerous that joinder of all members is impracticable.

b. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim is whether Defendants were authorized to collect debts, and whether Defendants violated the FDCPA in its debt collection practices, namely its failure to send appropriate notices to the Plaintiff and class members as required by 15 U.S.C. 1692(g)(a).

c. Identification of the consumers who did not receive the appropriate notices from the Defendants, described more fully in the class definition, *supra*, is a matter that can best be determined from the Defendants' records.

d. The precise number of consumers in this class is unknown at this time and can only be discerned through discovery. However, upon information and belief, the Defendants are hired by the Creditors, defined *infra*, to collect on alleged debts regarding the accounts of hundreds or thousands consumers in New York. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

e. The claims of the Plaintiff for this cause of action are typical of those of the class members. All are based on the same facts and legal theories.

f. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class

      actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

  g. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically provided, at 15 U.S.C. §1692k, for the commencement of class actions as a primary means of enforcing the FDCPA.

  h. Absent a class action, most members of the class would find the cost, time, and ability of engaging in protracted litigation prohibitive.

  i. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

  j. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants and other debt collectors.

  k. The amount of damages at issue is such that proceeding by way of a class action is the most economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the class.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $124,000 (the "Debt") to Independent Bank for a federal student loan. Federal loans are guaranteed, administered, and made available by the United States Department of Education. Both Independent Bank and the United States Department of Education shall be collectively referred to as the Creditors.

19. The above-stated federal student loan had been deferred several times, and eventually the Plaintiff was unable to pay the Debt.

20. The Debt arose from services which were primarily for family, personal, or household purposes and which conforms with the definition of a "debt" under 15 U.S.C. § 1692a(5).

21. The alleged Debt was purchased, assigned, or transferred to the Defendants for collection, or the Defendants were employed by either or both Creditors to collect the alleged Debt.

22. Defendant is a debt collector as defined by 15 U.S.C. 1692a(6).

23. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

24. Within the last year, the Defendants contacted the Plaintiff to collect a debt. The Defendants called Plaintiff's cellular phone and left voice messages requesting a call back because of a "very time sensitive" matter, not stating that the call was from a debt collector or that the call concerned a debt. The messages were garbled, confusing, and intentionally incomprehensible; the Plaintiff could only discern the phone number.

25. The Defendants contacted the Plaintiff at his work place. The Defendants spoke with the Plaintiff's manager at work; and thereafter, the Plaintiff's manager approached the

Plaintiff and stated that he believed a "creditor" was attempting to reach him. The Defendants disclosed information about the Debt to the Plaintiff's supervisor.

26. The Plaintiff called Defendants' agent "Ashley" back and discussed a possible payment arrangement. The Plaintiff was then transferred to another agent of Premier, "Anthony" or "AJ." The agent used an aggressive tone with Plaintiff stating that he "had better" agree to pay $170.00 per month or he would garnish Plaintiff's wages.

27. Within five minutes of Plaintiff's phone call with Anthony or AJ, a co-worker of Plaintiff's, Deserie, received a harassing and menacing phone call from the Defendants' agent inquiring as to Plaintiff's whereabouts—despite having just spoken to Plaintiff. The agent of the Defendant told Plaintiff's co-worker "Get him on the phone! We have unfinished business!"

28. Plaintiff called the Defendants' agent back and upon speaking to him, was yelled at for his reluctance to enter into the payment plan: "I don't know why you can't commit to this! If you don't I'm going to file the paperwork for garnishment right now! We'll take you pay check!"

29. To date, his paycheck has not been garnished.

30. Defendants failed to send Plaintiff any notice of his rights in writing five days after initial contact; and the Defendants failed to advise the Plaintiff of his right to dispute the Debt.

31. To date, the Plaintiff has not received any written correspondence from the Defendants.

32. Upon information and belief, the Defendants intentionally inflated the amount requested in the payment plan in order to harass the Plaintiff and cause him to feel oppressed.

**Plaintiff Suffered Actual Damages**

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

35. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

36. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Defendants' conduct violated 15 U.S.C. 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

39. The Defendants' conducted violated 15 U.S.C. 1692c(a)(3) and 15 U.S.C. 1692c(a)(1) in that Defendants contacted the Plaintiff at his place of employment, knowing or having reasons to know that the Plaintiff's employer prohibited such communications.

40. The Defendants' conduct violated 15 U.S.C. 1692c(b) in that the Defendants communicated information about the Debt with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

41. The Defendants' conduct violated 15 U.S.C. §1692e(11) in that Defendants failed make proper disclosures as required by the FDCPA.

42. The Defendants' conduct violated 15 U.S.C. §1692e(10) in that Defendants used a false and deceptive means to collect a debt and used a false and deceptive means to obtain information about the Plaintiff.

43. The Defendants' conduct violated 15 U.S.C. §1692g(a) in that Defendants failed to send the Plaintiff any written notice to the Plaintiff containing the amount of the debt, the name of the creditor, and information on the Plaintiff's right to dispute the Debt. This information was not contained in the initial telephone communication, nor any other communication thereafter.

44. The Defendants' conduct violated 15 U.S.C. 1692e(5) in that the Defendants threatened to take legal action without actually intending to do so.

45. The Defendants' conduct violated 15 U.S.C. §1692d in that Defendants engaged in activity the natural consequence of which was to harass and oppress the Plaintiff.

46. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

47. The Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW
### N.Y. GBS. Law §349, et seq.

48. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The Plaintiff repeats and re-alleges all allegations made under Count I, *supra*, to the extent they are applicable to New York General Business Law § 349.

50. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

51. By acting as a debt collector, Defendants conduct "business" or provide a "service" within the meaning of New York General Business Law § 349.

52. Defendants engaged in deceptive acts and practices in connection with the business and services it provided to the Plaintiff and class members: 1) by operating a debt collecting business in the State of New York when Defendants are not authorized to do business in the state; 2) by attempting to collect a debt from the Plaintiff and class members without holding a debt collector license as required by New York City Admin. Code §20-490, and 3) by calling the workplace of the Plaintiff and making threatening, embarrassing, unnecessary, and oppressive remarks to the Plaintiff and third parties.

53. The aforementioned acts by the Defendants were deceptive and misleading in a material sense to the Plaintiff and class members.

54. The aforementioned acts by the Defendants caused injury to the Plaintiff and class members.

55. By reason of the conduct alleged above, Defendants engaged in deceptive conduct in violation of New York General Business Law § 349.

### COUNT III
### DEFENDANTS' VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, et seq.

56. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Upon information and belief, Defendants' used an automatic dialing system to place calls to the Plaintiff. An automatic dialing system is defined in 47 U.S.C. § 227(a)(1) as equipment that has the capacity to dial and "to store or produce numbers to be called, using a random or sequential number generator."

58. Defendants' conduct violated 47 U.S.C. § 227(b)(1)(A)(iii) in that Defendants used an automatic dialing system to call Plaintiff's cellular phone without Plaintiff's permission.

59. The foregoing act and omission of the Defendants constitute a clear and manifest violation of the TCPA.

60. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Awarding the Plaintiff and class members actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. §1692k(a)(1);

2. Awarding the Plaintiff and class members statutory damages pursuant to 15 U.S.C. §1692k;

3. Awarding the Plaintiff the greater of actual monetary loss or $500.00 (for each call placed in violation of the TCPA), pursuant to 47 U.S.C. §227(c)(5) against Defendants;

4. Awarding the Plaintiff and class members actual and/or statutory damages pursuant to New York General Business Law § 349 against Defendants;

5. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and

6. Granting such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated:  March 3, 2013

Respectfully submitted,

By: /s/ Hashim Rahman
Hashim Rahman, Esq.

Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax: (347) 382-9457